PROB 22
Rev.2/88

DOCKET NUMBER(Tran.Ct)
**1:L-97-006**

# TRANSFER OF JURISDICTION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUN 10   A

CLERK'S OFFICE
AT BALTIMORE
DEPUTY

DOCKET NUMBER(Rec.Ct)

*02-6035-TP-WPD*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| **Forrest William Hamm**<br>**4240 S.W. 152nd Avenue**<br>**Miramar, FL 33027** | **District of Maryland** | **Probation** |
| | NAME OF SENTENCING JUDGE<br>**The Honorable Benson Everett Legg** | |

| SD/FL PACTS No. **49546** | DATES OF PROBATION<br>SUPERVISED RELEASE | FROM<br>**02/22/2002** | TO<br>**02/21/2005** |
|---|---|---|---|

OFFENSE

    **Possession with Intent to Distribute a Mixture Containing Cocaine, a Sch. II CS.**
**21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii)**

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

  UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF MARYLAND</u>

    **IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or
supervised releasee named above be transferred with the records of this Court to the United States District Court
for the <u>Southern District of Florida</u> upon the court's order of acceptance of jurisdiction. This Court hereby
expressly consents that the period of probation or supervised release may be changed by the District Court to
which this transfer is made without further inquiry of this court.*

| *June 9, 2002* | *Benson Legg* |
|---|---|
| Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u> SOUTHERN </u> DISTRICT OF <u> FLORIDA </u>

    **IT IS HEREBY ORDERED** that jurisdiction over the above-named probationer/supervised releasee be
accepted and assumed by this Court from and after the entry of this order.

| *June 20, 2002* | *William P. Dimitrouleas* |
|---|---|
| Effective Date | United States District Judge |

# United States District Court

## District of Maryland

FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 0 2 1998

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed on or After November 1, 1987) |
| FORREST WILLIAM HAMM | Case Number: L-97-006 |
| | Defendant's Attorney: James Wyda, AFPD |
| | Assistant U.S. Attorney: Tarra DeShield-Minnis |

## THE DEFENDANT:

☒ pleaded guilty to count _____1_____
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) & (b)(1)(A)(ii) | Possession w/intent to distr. a mixture containing Cocaine, a Sch. II CS. | 12/12/96 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's SSN: 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
Defendant's Date of Birth: 08/30/69
Defendant's U.S.M. No.: 02890-043

Defendant's Residence Address:
155 N.W. 91st Street
Miami, Florida 33150

Defendant's Mailing Address:

IN CUSTODY

Name of Court Reporter: Ned Richardson

_____May 28, 1998_____
Date of Imposition of Judgment

BENSON EVERETT LEGG                    6/2/98
U.S. DISTRICT JUDGE                     Date

I hereby attest and certify on _June 3, 1998_
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.

FRANK L. MONGE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ Deputy

Case 0:02-tp-06035-WPD   Document 4   Entered on FLSD Docket 07/26/2002   Page 3 of 20

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __70__ months.

☒ The court makes the following recommendations to the Bureau of Prisons:
1. That the defendant be placed in a treatment program preferably in Butner, N.C., or if not in Butner in a facility in Florida.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.
    ☐ _____
    _____

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY U.S. MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ 3 years _____.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. §921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

**The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions, if any, on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendants's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of    $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 9/13/94, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss** | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; and (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  In full immediately; or

B  ☐  $_____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  Not later than _____; or

D  ☐  Installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  In _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made payable to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program .

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 25
Criminal History Category: III
Imprisonment Range: ___70___ to ___87___ months
Supervised Release Range: ___3___ to ___5___ years
Fine Range: $__10,000__ to $__100,000__
☒ Fine waived or below the guideline range because of inability to pay.

**Total Amount of Restitution: $__n/a__**

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

☒ The sentence departs from the guideline range:

☒ upon motion of the government, as a result of defendant's substantial assistance.
☐ for the following specific reason(s):

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.: L-97-0006 |
| | ) | Defendant No.: 001 |
| FORREST WILLIAM HAMM | ) | |

## REVISED
## PRESENTENCE REPORT

<u>Prepared For</u>:  The Honorable Benson E. Legg          <u>Sentencing Date</u>: 11-07-97
                     U.S. District Judge

<u>Prepared By</u>:  Lawrence B. Gagen  *Lawrence B Gagen*
                   U.S. Probation Officer
                   (410) 962-9837                          <u>Office Location</u>:  Baltimore

<u>Offense</u>:       Count 1; **Possession of Cocaine with Intent to Distribute**, in violation of 21 U.S.C. § 841(a) (a
                   Class A felony)

<u>Date of Arrest</u>:  12-12-96

<u>Custodial Status</u>:  Held in custody since December 12, 1996.

<u>Identifying Data</u>:

| | | |
|---|---|---|
| Date of Birth: 8/30/69 | Age: 28 | Citizenship:  U.S. |
| Race:  Black (Non-Hispanic) | Sex:  Male | Dependents:  Self |
| FBI No.:  590144JA2 | SSN:  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 | Other ID No.: (MD SID #1611781, FL SID #02547378, GA SID #1969815X) |

Education:  14 years          U.S. Marshal No.: 02890-043

<u>Legal Address</u>:      155 N.W. 91st Street
                       Miami, Florida 33150

<u>Detainers</u>:      None

<u>Codefendants</u>:      N/A

<u>Assistant U.S. Attorney</u>                    <u>Defense Counsel</u>

Tarra DeShields-Minnis, AUSA           James Wyda, AFPD
U.S. Courthouse, 6th Floor             Tower II, Suite 1100
101 W. Lombard Street                  100 S. Charles Street
Baltimore, Maryland  21201             Baltimore, Maryland 21201
(410) 962-4822                         (410) 962-3962  (Appointed)

Date Report Prepared: October 7, 1997
Revised: December 5, 1997

                                       <u>Mandatory Minimum</u>:  10 years
Disposition:  *5/28/98*
              *CAG  70 MOS., 3 yrs TSR.*

### PART A. THE OFFENSE

#### Charge(s) and Conviction(s)

1.   On September 4, 1997, the defendant, Forrest William Hamm, represented by James Wyda, AFPD, appeared before the Honorable Benson E. Legg, in U.S. District Court, Baltimore, Maryland and entered a plea of guilty to a single count indictment charging him with Possession of Cocaine (19.90 kilograms) with Intent to Distribute, in violation of 21 U.S.C. § 841(a). The Court subsequently accepted the defendant's guilty plea and ordered a presentence investigation to be completed with a sentencing date scheduled for November 7, 1997. There is a written plea agreement in this case. The defendant was remanded into custody pending sentencing.

2.   In the Plea Agreement counsel have agreed that the applicable base offense level is a 34, pursuant to 2D1.1(c)(3), in that the defendant's offense conduct involved more that 15 kilograms of cocaine but less than 50 kilograms of cocaine. Counsel also agree that Mr. Hamm has accepted responsibility for his criminal conduct and therefore a two level reduction is applicable, pursuant to 3E1.1(a). Thus, the agreed upon offense level is a 32.

3.   Counsel are not in agreement as to Mr. Hamm's "mitigating role" (3B1.2) in this conspiracy and have left open the possibility of arguing this application at the time of sentencing.

4.   Since the offense took place after November 1, 1987, the Sentencing Reform Act of 1984 is applicable, and unless otherwise stated, the amended guideline manual under date of November 1, 1995, incorporating regular and emergency guideline amendments effective November 1, 1996, and emergency amendments effective May 1, 1997, was used to complete this report.

#### Related Cases

5.   None.

#### The Offense Conduct

6.   The following facts were stipulated in the plea agreement provided to this Probation Officer by Tarra DeShields-Minnis, Assistant U.S. Attorney:

7.   Around midnight of December 12, 1996, Trooper Steven Jones, of the Maryland State Police, stopped a 1996 Chevrolet Corsica for traveling 75 mph in a zone posted for 65 mph. Mr. Hamm was the driver of the car and its sole occupant. Though Mr. Hamm produced a Florida driver's license, he advised Trooper Jones that the vehicle was rented. The rental agreement had expired six days earlier. Though the rental agreement bore both

Mr. Hamm's name and the name of one other person, the soundex number for each named person was the same. During his discourse with Mr. hamm, Trooper Jones noticed what he characterized as an exhibition of extreme nervousness on Mr. Hamm's part. Following a conversation with Mr. Hamm, Trooper Jones requested the assistance of a canine unit. When the dog arrived, it scanned the perimeter of the Corsica and signaled a positive alert for the presence of narcotics. A search of the trunk of the Corsica disclosed the presence of two bags, bags that Mr. Hamm had earlier claimed as his. Inside of a black duffel bag were twenty "bricks" of apparent cocaine. A chemical analysis of the substance disclosed that it tested positive for the presence of cocaine, a Schedule II controlled substance. The exact quantity seized was 19.90 kilograms of cocaine. All of the above described events occurred in the District of Maryland.

### Victim Impact Statements

8.      None.

### Adjustment for Obstruction of Justice

9.      This Officer has no information suggesting that the defendant obstructed or impeded justice in any manner in this case.

### Adjustment for Acceptance of Responsibility

10.     During a personal interview with this probation officer (defense counsel present) on September 16, 1997, Mr. Hamm advised that he accepted responsibility freely and willingly regarding the "amended" oral statement of facts by Judge Legg during his rearraignment. Defense counsel further advised that a more "detailed" written statement would be submitted. To date, no such written statement has been received by this officer.

### Offense Level Computation

11.     Base Offense Level: The applicable guideline for a 21 U.S.C. § 841(a) offense involving the possession of 19.90 kilograms of cocaine with the intent to distribute is found in Section 2D1.1(c)(3). That section provides for a base offense level of 34.                                                                34

12.     Specific Offense Characteristics: None.                                          0

13.     Adjustment for Role in the Offense: None.                                       0

14.     Victim Related Adjustment: None.                                               0

15.     Adjustment for Obstruction of Justice: None.                                   0

3

16.   Adjusted Offense Level (Subtotal):                                              <u>34</u>

17.   Adjustment for Acceptance of Responsibility:  The defendant, in his oral statement
      to this Probation Officer, did clearly admit affirmative acceptance of personal
      responsibility for his criminal conduct in this case.  Based on 3E1.1(a), a two level
      reduction is being allowed.                                                    <u>-2</u>

18.   **Total Offense Level**                                                        <u>32</u>

## PART B.  THE DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudications

19.   None found.

### Criminal Convictions

| DATE OF ARREST | CHARGE/DISPO/DATE/GUIDELINE | SCORE |
|---|---|---|

20.   03-02-88       Seminole County, Florida.  Petit Theft.  Subsequently,
      (Age 18)       on 07-21-88, the defendant appeared in Seminole County
                     Court on the above noted offense under case #88-5592. The
                     Court found Mr. Hamm guilty and sentenced him to 6
                     months supervised probation.  The defendant was
                     represented by defense counsel.  4A1.1(c)                        <u>1</u>

21.   No records were available to indicate Mr. Hamm's adjustment under community
      supervision in this case.

22.   07/19/90       Dade County, Florida.  Trafficking in Cocaine (two kilos).
      (Age 20)       Subsequently, on 7-14-94, Mr. Hamm appeared in Dade
                     County Court under case #F90-28871 to answer to the
                     above noted offense.  The Court found the defendant guilty
                     and sentenced him to 184 days (credit for time served) with
                     42 months special parole to be followed by 2 years
                     supervised probation.  Mr. Hamm was represented by
                     defense counsel.  4A1.1(b).                                      <u>2</u>

23.   Records with the State of Florida Department of Corrections reveal that Mr. Hamm was
      unable to adhere to the rules & regulations of this community supervision.  On July 26,
      1995, a violation of probation affidavit was filed with the Court and on January 5, 1996,

4

the defendant was found to be in violation of this court order at which time the Court revoked the original term of probation and imposed an additional three year probationary term to end on January 4, 1999.

24.   Subsequently, on March 27, 1997, another affidavit for violation of probation was filed with the Court due to the instant offense. This violation is still pending at this time.

25.   06-13-91          Orange County, Florida. Grand Theft. Subsequently,
      (Age 21)          on 6-25-92, Mr. Hamm appeared in Orange County Court
                        on the above noted offense under case #91-6175B. The
                        Court found the defendant guilty and sentenced him to 42
                        months supervised probation. Mr. Hamm was represented
                        by defense counsel. 4A1.1(c)                                    1

26.   Records with the State of Florida Department of Correction reveal that the defendant was again unable to adhere to this court order and on June 28, 1995, a violation of probation warrant was issued by the court. Subsequently, on February 20, 1996, Mr. Hamm was found in violation of this probation term and the Court revoked the probation period and imposed a 9 day incarceration term with the defendant being given credit for time served.

27.   04-23-92          Martin County, Florida. Count 2; Driving while License
      (Age 22)          Suspended or Revoked, Count 3; Resisting Arrest without
                        Violence, Count 4; Speeding, Count 5; Failure to Pay Fine.
                        Subsequently, on 07-17-92, the defendant appeared in
                        Martin County Court on the above noted offenses under
                        case #92-2529MMA. The Court found Mr. Hamm guilty
                        of the above noted citations and fined him $250 as to Count
                        2, $350 as to Count 3, $150 as to Count 4, and $104 as to
                        Count 5. 4A1.2(c)                                               0

**Criminal History Computation**

28.   This defendant has four prior adult criminal convictions resulting in a total of four criminal history points.

29.   Since the defendant committed the instant offense (December 12, 1996) while under a criminal justice sentence (state probation) an additional two points are being added to the criminal history score, pursuant to 4A1.1(d).              +2

30.   Thus, the total criminal history points is six. According to the Sentencing Table (Chapter 5, Part A), this establishes a criminal history category of III.

5

**Pending Charges**

31.    None.

**Other Criminal Conduct**

32.    None.

## PART C. SENTENCING OPTIONS

**Custody**

33.    Statutory Provisions:  The maximum term of imprisonment for a violation of 21 U.S.C. § 841(a), involving the distribution of 19.90 kilograms of cocaine is life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A).  (The minimum mandatory sentence is ten years.)

34.    Guideline Provisions:  Based on the total offense level of 32 and a criminal history category of III the guideline imprisonment range is 151 to 188 months.

**Supervised Release**

35.    Statutory Provisions:  If a term of imprisonment is imposed, the Court shall impose a term of supervised release of not less than five years, pursuant to 21 U.S.C. § 841(b)(1)(A).

36.    Guideline Provisions:  The Court shall order a term of supervised release to follow imprisonment when a sentence of more than one year of imprisonment is imposed. 5D1.1(a).  If a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum required by statute, whichever is greater.  5D1.2(a).

**Probation**

37.    Statutory Provisions:  A term of probation is not authorized for a Class A felony, pursuant to 18 U.S.C. § 3561(a)(1).  Probation is further prohibited by statute.  21 U.S.C. § 841(b)(1)(A).

38.    Guideline Provisions:  A term of probation is not authorized when the offense of conviction is a Class A felony, pursuant to 18 U.S.C. § 3561(a)(1), or if precluded by the offense of conviction, pursuant to 18 U.S.C. § 3561(a)(2).  5B1.1(b)(1) and (2).

PART D. OFFENDER CHARACTERISTICS

### Family Ties, Family Responsibilities, and Community Ties

39.   Forrest Willliam Hamm is a 28 year old African American male, who was born on August 30, 1969, in Miami, Florida. He is the oldest of two children born to the legal union of Carmen (nee: Baso) Davis and Larry Hamm. The defendant relates that his parents divorced when he was approximately 10 years old. His father did, however, continue to help financially support he and his sister. Mr. Hamm reports no type of abuse within the family unit and further notes that he and his sibling experienced a good childhood absent the occurrence of any traumatic event.

40.   The defendant states that he has been involved in a romantic relationship with DeeDee Martin since the end of 1995. He has never married and has fathered no children.

### Mental and Emotional Health

41.   Mr. Hamm states that he has never been referred or voluntarily participated in any psychological or psychiatric treatment. During this investigation, this Officer uncovered no information indicating that the defendant is now, or has, in the past been in need of mental health care or counseling.

### Physical Condition, Including Drug Dependence and Alcohol Abuse

42.   Mr. Hamm stands 5'10" tall, weighs 180 pounds and has black hair with brown eyes. He has a superficial scar on his right facial cheek but, otherwise, has no distinct identifying marks or features.

43.   The defendant states he has never suffered from any serious illness or injury and is not currently under any physician's care nor is he being prescribed any medications.

44.   Mr. Hamm states that he has consumed alcoholic beverages since he was approximately 18 years old and that he later combined its use with his abuse of cocaine powder beginning in 1992. The defendant was reportedly drinking approximately three times per week and using cocaine at the rate of ½ ounce per week just prior to his arrest on the instant offense. Mr. Hamm has never attended any formal drug and/or alcohol counseling.

7

**Education and Vocational Skills**

45.   Mr. Hamm states that he graduated from North Miami High School, Miami, Florida, in
      1987.  A verification letter sent to this educational institution was returned as
      "insufficient address".  Therefore, this educational accomplishment remains unverified.

46.   During the years 1988 through 1994, the defendant was enrolled at the Miami-Dade
      Community College, Miami, Florida.  Mr. Hamm claims to have designated his major as
      computer science but his transcript dated September 24, 1997, reflects that he did not
      attain his degree from this two year school.

47.   From 1987 through 1989, Mr. Hamm claims to have attended the University of Central
      Florida.  A verification letter sent to this university has not been returned to date.
      Therefore, this attendance remains unverified.

48.   From August 1994, through August 1996, the defendant was enrolled at the Florida
      International University majoring in Hospitality Management.  This educational claim is
      verified via a verification letter received from the Registrar's Office dated September 29,
      1997.

49.   Mr. Hamm has pursued no other educational goals..

**Employment Record**

50.   Mr. Hamm claims to have last been employed from February 1996, through December
      1996, with Backstage Studios, Miami, Florida.  A verification letter sent out to this
      employer has not been returned to date.  Therefore, this employment claim remains
      unverified.

51.   From 1993 through 1994, the defendant states that he was employed as a fitness instructor
      for Bally Total Fitness Center located in Aventura, Florida.  A verification letter
      submitted to this employer has not been returned to date.  Therefore, this employment
      claim is unverified.

52.   From 1992 through 1994, Mr. Hamm claims to have been an employee of the National
      Football League Host Committee in Miami, Florida.  This employment is unverified.

53.   In 1991 and 1992, the defendant claims employment with Bally's Sunrise, Ft. Lauderdale,
      Florida.  This employment is unverified.

54.   From 1987 through 1989, Mr. Hamm states he was employed with Orlando Fitness
      Center, Orlando, Florida.  This employment remains unverified.

55.   The defendant supplied no additional employment information.

## PART E. FINES AND RESTITUTION

### Statutory Provisions

56.   The maximum fine for a Class A felony involving possession with intent to distribute cocaine is $4,000,000, as specified by the law setting forth the offense. 21 U.S.C. § 841(b)(1)(A).

57.   The Victim and Witness Protection Act does not apply to Title 21 cases.

58.   A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

### Guideline Provisions

59.   The fine range for a level 32 offense is from $17,500 to $4,000,000, pursuant to 5E1.2(c)(3) and (4).

60.   Subject to the defendant's ability to pay, the court shall impose an additional fine amount that is at least sufficient to pay the cost to the government of any imprisonment, probation, or supervised release according to U.S.S.G. Section 5E1.2(i). The most recent advisory from the Administrative Office of the United States Courts dated March 28, 1997 reflects the average per Capita costs for incarceration of a defendant in Bureau operated facilities during 1994 and per capita supervision costs for fiscal year 1994.

### Cost of Incarceration

| Federal Prison Facilities | | Community Corrections Centers | |
|---|---|---|---|
| Daily: | $62.80 | Daily: | $39.00 |
| Monthly: | $1,910.00 | Monthly: | $1,186.25 |
| Annually: | $22,927.00 | Annually: | $14,235.00 |

### Cost of Supervision

#### Probation and Supervised Release

| | |
|---|---|
| Daily: | $ 7.14 |
| Monthly: | $  217.18 |

9

Annually:      $2,606.10

**Defendant's Ability to Pay**

61.   The following financial profile was submitted by Mr. Hamm in a written financial statement on September 16, 1997:

<u>Assets</u>

Cash

|  |  |
|---|---|
| Dade County Credit Union (savings) | $   400 |
| <u>Unencumbered Assets</u> |  |
| Personal property | $ 5,000 |
| <u>Equity in Other Assets</u> | <u>-0-</u> |
| **TOTAL ASSETS** | $ 5,400 |
| <u>Secured Debts</u> | -0- |
| <u>Unsecured Debts</u> |  |
| Visa Credit Card (delinquent) | $   400 |
| Southern Bell (delinquent) | <u>$   600</u> |
| **TOTAL DEBTS** | $ 1,000 |
| **Net Worth** | $ 4,400 |
| <u>Monthly Cash Flow</u> |  |
| Income (Defendant's Income) | <u>-0-</u> |
| **TOTAL INCOME** | -0- |
| <u>Necessary Living Expenses</u> | <u>-0-</u> |
| **TOTAL NECESSARY LIVING EXPENSES** | -0- |
| **Net Monthly Cash Flow** | $   0 |

10

62.     Based on the above noted financial information supplied by Mr. Hamm, it does not appear that he would be able to pay any portion of a fine without it creating an undue hardship.

63.     It is therefore, this Probation Officer's recommendation to the Court that no fine be imposed in this case.

## PART F.  FACTORS THAT MAY WARRANT DEPARTURE

64.     There are no aggravating or mitigating circumstances surrounding the offense or the defendant that would warrant a departure from the prescribed guideline range in this case.

## PART G.  IMPACT OF PLEA AGREEMENT

65.     None.

11

## ADDENDUM TO THE PRESENTENCE REPORT

United States v. Forrest William Hamm, Docket # L-97-0006:
U.S. District Court, District of Maryland

The probation officer certifies that the presentence report, including any revision thereof, has been disclosed to the defendant, his attorney, and counsel for the Government, and that the content of the Addendum has been communicated to counsel.  The Addendum fairly states any objections they have made.

## OBJECTIONS

### BY THE GOVERNMENT

In a letter submitted under date of October 9, 1997, government counsel notes that the government has no corrections or objections to the presentence investigation report.

### BY THE DEFENDANT

In a verbal conversation with this probation officer on December 2, 1997, defense counsel notes that the defendant objects to the three point criminal history calculation indicated in paragraph 22 of the presentence report.  That instead the calculation should only be two points, pursuant to 4A.1(b).  The defendant only received a 184 day sentence of incarceration and therefore would only qualify for a two point calculation.

> This officer believes that defense counsel is correct in his assessment of this criminal history point calculation.  Therefore, a **REVISED** presentence report is being submitted to all appropriate parties with this addendum noting the corrected calculations which effect paragraphs 22, 28, 30 & 34 of the presentence investigation report.